Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| LUISA RONDÓN ACOSTA<br><br>PETICIONARIA<br><br>V.<br><br>SANTO ROSARIO POLANCO<br><br>RECURRIDO | TA2025CE00945 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm. CA2018CV03412<br><br><br>Sobre: División Bienes Gananciales |

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez, Pagán Ocasio y la Jueza Álvarez Esnard.

Pagán Ocasio, juez ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 16 de enero de 2026

### I.

El 22 de diciembre de 2025, la señora Luisa Rondón Acosta (señora Rondón Acosta o peticionaria) presentó un recurso de *Certiorari* en el que nos solicitó que revoquemos la *Resolución y Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI o foro primario), el 3 de diciembre de 2025, notificada y archivada digitalmente en autos el mismo día.[1] Mediante dicho dictamen, el TPI declaró No Ha Lugar la *Segunda Moción de Relevo de Orden (Regla 49.2(c) y (f))*, presentada por la peticionaria junto con la imposición de una sanción de $500.00 a dicha parte por ésta no cesar su conducta hacia el tribunal y hacia el recurrido e incumplir con las gestiones ordenadas. Además, la apercibió de que su incumplimiento conllevaría la desestimación del caso.

---

[1] Véase entrada núm. 510 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC-TPI).

El 8 de enero de 2026, la peticionaria presentó una *Urgente Moción de Auxilio de Jurisdicción y Paralización* en la que nos solicitó que ordenáramos la paralización inmediata de los procedimientos del caso de epígrafe.[2]

El 9 de enero de 2026, mediante *Resolución* se le concedió al señor Rosario Santo Polanco (recurrido) hasta el 12 de enero de 2026 para exponer su posición respecto a la solicitud de orden en auxilio de jurisdicción.[3]

El 12 de enero de 2025, el recurrido presentó una *Oposición a solicitud de auxilio de jurisdicción* suplicando que la denegáramos.[4]

Como asunto de umbral, corresponde mencionar que la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, según enmendada, **In re Aprob. Enmdas. Reglamento TA**, 2025 TSPR 141, pág. 15, 216 DPR __ (2025), confiere a este foro la facultad para prescindir de escritos, en cualquier caso, ante su consideración, con el propósito de lograr su más justo y eficiente despacho.

En adelante, pormenorizamos los hechos procesales más relevantes para la atención del recurso.

**II.**

El caso de marras tuvo su génesis el 5 de diciembre de 2018, cuando la señora Rondón Acosta presentó una *Demanda* sobre división de bienes gananciales en contra del señor Santo Rosario Polanco (señor Rosario Polanco o recurrido).[5] La peticionaria alegó que las partes aún no habían acordado la división de los bienes, por lo que solicitó la intervención del tribunal. El 23 de abril de 2019, la peticionaria solicitó enmendar la demanda para que se configurara el bien inmueble del negocio Panadería Rica Dona como uno

---

[2] Véase entrada núm. 2 en expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA).
[3] Íd., entrada núm. 3.
[4] Íd., entrada núm. 4.
[5] Véase entrada núm. 1 en SUMAC-TPI.

privativo, con derecho el recurrido a la parte proporcional del aumento del valor como resultado de su esfuerzo y trabajo.[6]

Luego de varios trámites procesales innecesarios pormenorizar, el 20 de agosto de 2021, el TPI emitió una *Resolución* en la que nombró al Lcdo. y CPA José Díaz Crespo, como comisionado y contador partidor (en adelante, el Comisionado).[7] El foro primario le ordenó al Comisionado preparar un informe con un inventario de todos los bienes pertenecientes a la sociedad legal de gananciales o comunidad entre las partes; detallar los activos y pasivos hasta ese momento y, de gastos, ganancias, manejo y administración de la Panadería Rica Dona. El informe encomendado debía contener determinaciones de hechos y conclusiones de derecho sobre lo encomendado.

El 2 de mayo de 2022, el Comisionado presentó una *Moción Informativa al Tribunal en Cumplimiento de Orden* en la que indicó que se reunió con las partes para dialogar sobre los asuntos operacionales de la Panadería Rica Dona y sobre el estatus e implementación de los acuerdos alcanzados.[8] Así las cosas, hizo un resumen de los acuerdos alcanzados entre las partes, relacionados con la administración y operación del negocio.

El 11 de mayo de 2022, el TPI emitió una *Orden* mediante la cual aprobó los acuerdos alcanzados por las partes según desglosados por el Comisionado. [9] Posteriormente, el 24 de enero de 2024, el TPI emitió una *Orden* para que el Comisionado evaluara la posibilidad de una adjudicación parcial de los bienes.[10] Consecuentemente, el 19 de junio de 2024, el Comisionado presentó una *Moción en cumplimiento de orden y recomendación al Tribunal*

---

[6] Íd., entrada núm. 17.
[7] Íd., entrada núm. 189.
[8] Íd., entrada núm. 250.
[9] Íd., entrada núm. 253.
[10] Íd., entrada núm. 383.

*sobre la solicitud de adjudicación parcial de bienes gananciales* en la que recomendó la venta y adjudicación de algunos de los bienes.[11]

El 5 de julio de 2024, notificada y archivada digitalmente en autos el 8 de julio de 2024, el TPI emitió una *Orden* en la que acogió las recomendaciones del Comisionado y ordenó a las partes gestionar los asuntos requeridos para la venta y adjudicación de los bienes desglosados en el informe del Comisionado e informar el estado de los trámites en un término de treinta (30) días.[12]

El 26 de marzo de 2025, notificada y archivada digitalmente en autos el 27 de marzo de 2025, el TPI emitió una *Orden* en la que concedió un término de cuarenta y cinco (45) días para completar las transacciones de financiamiento de la Panadería Rica Dona.[13] Advirtió que, de no completar dicho trámite dentro el término concedido, ordenaría llevarse a cabo las cesiones de los activos que no están en controversia.

El 16 de junio de 2025, la peticionaria presentó una *Solicitud de término adicional para evaluar propuesta* con relación a la adjudicación de la Panadería Rica Dona.[14] Esta solicitó un término para llevar a cabo una evaluación de la operación financiera del negocio.

Por su parte, el 17 de junio de 2025, el recurrido presentó una *Oposición a: "Solicitud de término adicional para evaluar propuesta"* en la que suplicó que se declarara No Ha Lugar la solicitud de la peticionaria de un término adicional.[15] Arguyó que se trataba de un asunto ya resuelto desde junio de 2024.

Posteriormente, el 8 de julio de 2025, el TPI reiteró, mediante una *Orden*, que los trámites autorizados y ordenados para realizarse

---

[11] Íd., entrada núm. 397.
[12] Íd., entrada núm. 400.
[13] Íd., entrada núm. 414.
[14] Íd., entrada núm. 417.
[15] Íd., entrada núm. 419.

en el caso corresponden a la *Orden,* final y firme, que el foro primario emitió el 5 de julio de 2024.[16]

El 29 de julio de 2025, la peticionaria presentó una *Urgentísima Moción de Relevo de Orden* en la que solicitó el relevo de la *Orden* dictada el 5 de julio de 2024 por el TPI al amparo de la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, porque alegó que le resulta lesiva a sus derechos e intereses.[17] Adujo que hubo mala administración y violaciones al acuerdo de coadministración, desvío de ingresos y uso no autorizado de fondos, endeudamiento sin consentimiento e injustificado, falta de transparencia y de contabilidad formal, valoración inadecuada de las propiedades utilizadas para la Panadería Rica Dona, valoración incompleta del negocio y aumento de empleados injustificados. Por ello, solicitó que se ordenara una auditoria y una nueva valoración del negocio.

El 13 de agosto de 2025, el Comisionado presentó su posición al respecto.[18] Este recomendó llevar a cabo la liquidación parcial de los bienes, incluyendo la Panadería Rica Dona debido a que continuar su retraso pone en riesgo la continuidad y valor del negocio. Adujo que los remedios solicitados por la peticionaria tienen el efecto de encarecer la operación de la panadería y comprometer los recursos económicos y flujo de efectivo del negocio.

El 10 de septiembre de 2025, el TPI emitió una *Resolución* en la que declaró No Ha Lugar la solicitud de relevo de *Orden* presentada por la peticionaria.[19] Reiteró lo dispuesto en la *Orden* emitida el 5 de julio de 2024 y sostuvo que lo que procede es la liquidación parcial de los bienes gananciales, incluyendo la Panadería Rica Dona. Concluyó que no tenía ante sí una razón que

---

[16] Íd., entrada núm. 423.
[17] Íd., entrada núm. 430.
[18] Íd., entrada núm. 432.
[19] Íd., entrada núm. 436.

justificara dejar sin efecto la referida *Orden*. El TPI resaltó lo expresado por el Comisionado sobre que el retraso de la liquidación parcial pone en riesgo la continuidad y valor del negocio, comprometiendo los recursos económicos y flujo de efectivo del negocio.

Oportunamente, el 25 de septiembre de 2025, la peticionaria presentó una *Moción de Reconsideración.*[20]

El 7 de octubre de 2025, el TPI emitió una *Resolución* en la que ordenó, entre otras cosas, a que la peticionaria evaluara la propuesta por el recurrido de asumir la totalidad de la deuda de la Panadería Rica Dona a cambio del pago de la cantidad de $128,500, según surge del estimado preparado por el Comisionado.[21]

Por su parte, el 10 de octubre de 2025, el recurrido presentó su oposición a la moción de reconsideración.[22] Consecuentemente, el 16 de octubre de 2025, el TPI emitió una *Resolución* en la que declaró No Ha Lugar la *Moción de Reconsideración* presentada por la peticionaria.[23]

Inconforme con la determinación del TPI, el 17 de noviembre de 2025, la peticionaria presentó un recurso de *certiorari* ante este Tribunal de Apelaciones, ***Luisa Rondón Acosta v. Santo Rosario Polanco***, TA2025CE00782, en el que alegó que la *Orden* del 5 de julio de 2024 fue tratada como final y firme sin serlo; que se basó en un informe deficiente del Comisionado que no cumple con la Regla 41.3 de Procedimiento Civil, *supra*; y que privó a la peticionaria de acceso adecuado a remedios.[24] Asimismo, argumentó que la referida *Orden* emitida el 5 de julio de 2024 no era final porque instruyó al Comisionado a efectuar gestiones ulteriores. El 9 de diciembre de 2025, un panel hermano de este Tribunal de Apelaciones denegó la

---

[20] Íd., entrada núm. 437.
[21] Íd., entrada núm. 447.
[22] Íd., entrada núm. 452.
[23] Íd., entrada núm. 454.
[24] Íd., entrada núm. 480.

expedición de dicho recurso.[25] Resolvió que la señora Rondón Acosta pretendía relitigar tardía e incorrectamente, mediante una solicitud de relevo y no una apelación, un asunto resuelto en el 2024. Por lo cual, dicho panel se abstuvo de intervenir.

En el ínterin, el 1 de diciembre de 2025, la peticionaria presentó una *Segunda Moción de Relevo de Orden (Regla 49.2(c) y (f)* ante el TPI para que se dejaran sin efecto las resoluciones del 10 de septiembre de 2025 y 7 de octubre de 2025, en la medida en que ratifican la *Orden* del 5 de julio de 2024, sin alegadamente contar con la evidencia pericial indispensable.[26]

Consecuentemente, el 3 de diciembre de 2025, el TPI emitió una *Resolución y Orden* en la que, primeramente, se refirió a dictámenes previos en los que reiteró la *Orden* emitida el 5 de julio de 2024 sobre la adjudicación parcial de la Panadería Rica Dona.[27] En cuanto a esta segunda moción en solicitud de relevo, el TPI determinó que la misma no expuso otros fundamentos que la justifiquen que no sean los que incluyó en la solicitud anterior. El TPI señaló que la peticionaria pretende que el tribunal deje sin efecto las determinaciones que han sido recomendaciones del Comisionado Especial, explicadas a las partes, al tribunal y que están documentadas en el expediente. El foro primario sostuvo que ya las evaluó y que no se trata de asuntos nuevos. Inclusive, señaló que el Comisionado ha enfatizado que los créditos reclamados por las partes aun no han sido considerados y que lo ordenado en cuanto a la liquidación parcial es sin perjuicio de los créditos sobre los que cada parte sea acreedor, según fue solicitado por la peticionaria.

---

[25] Íd., entrada núm. 522.
[26] Íd., entrada núm. 504.
[27] Íd., entrada núm. 510.

Específicamente, el TPI expresó que: "[l]a solicitud de relevo presentada no cumple con los criterios pues su contenido manifiesta claramente **una reconsideración nuevamente de los mismos planteamientos que por meses ha ocupado al tribunal y a las partes**." (Énfasis en el original).

Dada la reiterada conducta de la peticionaria de relitigar lo previamente resuelto, el TPI le impuso una sanción de $500.00 y la apercibió que desestimaría el caso si ésta continuaba relitigando asuntos ya resueltos por el tribunal e incumplía con sus órdenes. Así, declaró No Ha Lugar la segunda solicitud de relevo de orden.

Inconforme con la determinación del TPI, la peticionaria presentó el recurso de *certiorari* de epígrafe en el que formuló los siguientes señalamientos de error:

PRIMER ERROR: Incurrió el TPI en error de derecho y abuso de discreción al consolidar la adjudicación de la participación ganancial de la Peticionaria, al declarar por cumplida la encomienda del Comisionado Especial (Entrada 511) sin que este rindiera un informe con determinaciones de hecho y conclusiones de derecho sobre la valoración, los pasivos y los créditos, en violación a la Regla 41 de Procedimiento Civil y al Debido Proceso de Ley.

SEGUNDO ERROR: Incurrió el TPI en error de derecho al validar un valor de adjudicación (Entrada 415) que está contaminado por la inclusión de deudas tributarias (IVU, multas, recargos y penalidades) generadas por la negligencia unilateral del administrador, lo cual es contrario al principio de que nadie puede beneficiarse de su propio incumplimiento y constituye una indebida mezcla de patrimonios (corporativo y ganancial).

TERCER ERROR: Incurrió el TPI en error de derecho y abuso de discreción al conferir finalidad funcional a determinaciones interlocutorias (Entradas 447 y 490), al declarar "finales y firmes" asuntos transitorios y utilizar la aseveración de "no es un asunto nuevo" como mecanismo para clausurar el trámite procesal y bloquear la revisión judicial de efectos jurídicos nuevos y coercitivos.

CUARTO ERROR: Incurrió el TPI en un error de derecho sustancial al confundir la valoración del negocio con el valor neto de la participación ganancial de la señora Rondón, al adoptar una cifra de valoración del activo sin completar el andamiaje procesal de liquidación que exige la determinación del Haber Social, el pago de deudas y la inclusión y adjudicación de créditos.

QUINTO ERROR: Incurrió el TPI en un abuso de discreción y coacción procesal al imponer sanciones de quinientos dólares y apercibir con la desestimación o descalificación (Entrada 510 & 524) por la supuesta "reiterada conducta de relitigar asuntos ya resueltos", penalizando el ejercicio legítimo del derecho a impugnar un procedimiento defectuoso.

La peticionaria arguyó que el TPI incurrió en error de derecho al recibir un informe preparado por el Comisionado que, a su juicio, no cumplió con la Regla 41.5 de Procedimiento Civil, *supra.* Sostuvo que el mismo evadió el análisis técnico y omitió la cuantificación de los créditos y la naturaleza de las deudas, viciando el procedimiento de liquidación. Además, alegó que la valoración de la adjudicación de participación de la Panadería Rica Dona es insostenible en derecho porque el Comisionado mezcló indebidamente el patrimonio corporativo con la liquidación de la participación ganancial. Asimismo, adujo que el foro primario abusó de su discreción al conferir carácter final y firme a determinaciones interlocutorias sin que exista una sentencia final. Por último, expresó que el TPI incurrió en abuso de discreción al imponerle la sanción y apercibirle de desestimación por la "reiterada conducta de relitigar asuntos ya resueltos". Manifestó que lo que pretende es impugnar un procedimiento defectuoso y no relitigar lo previamente resuelto.

**III.**

**A.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeil***

*Healthcare LLC*, 194 DPR 723, 728 (2016). Véase, además, *IG Builders et al v. BBVAPR*, 185 DPR 307, 337 (2012). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1,[28] establece las instancias en las que el foro revisor posee autoridad para expedir un auto de *certiorari* sobre materia civil. *Scotiabank v. ZAF Corp. et al.,* 202 DPR 478 (2019). La citada regla delimita el alcance jurisdiccional del Tribunal de Apelaciones para atender un recurso de *certiorari* que se trate sobre la revisión de dictámenes interlocutorios del Tribunal de Primera Instancia. *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703 (2019).

Si el auto sobre el cual versa el recurso de *certiorari* está comprendido en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra,* debemos pasar entonces a un segundo análisis. El mismo se caracteriza por la discreción que ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso.

Con el fin de que podamos ejercer de manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del

---

[28] Esta Regla dispone que:

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios (sic), anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

Tribunal de Apelaciones, ***In re Aprob. Enmdas. Reglamento TA***, *supra*, pág. 63, establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*.[29]

**IV.**

En el caso de marras, la peticionaria nos solicita que revoquemos los dictámenes interlocutorios emitidos por el TPI el 7 de octubre de 2025 y 3 de diciembre de 2025, mediante los cuales le ordenó evaluar la propuesta del recurrido sobre la panadería y la imposición de una sanción y apercibimiento de desestimación.

Tras un análisis objetivo, sereno y cuidadoso del expediente y de la petición de *certiorari*, y a la luz de los criterios esbozados en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos que debemos abstenernos de ejercer nuestra función revisora discrecional y rechazar intervenir con la determinación del TPI. La determinación recurrida no arroja error alguno que amerite nuestra intervención en esta etapa de los procedimientos. Tampoco surge de los autos que el TPI haya incurrido en error, prejuicio, parcialidad o que haya abusado de su discreción. Por el contrario, la determinación del foro primario fue esencialmente correcta en derecho.

---

[29] Esta Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que se trata de un asunto que ha sido planteado por la peticionaria en ocasiones previas. Recientemente, un panel hermano denegó la expedición de un recurso de *certiorari* en el caso ***Luisa Rondón Acosta v. Santo Rosario Polanco****,* TA2025CE00782 en el que la peticionaria de epígrafe solicitó que se revocara la *Orden* emitida por el TPI el 5 de julio de 2024 con planteamientos idénticos a los presentados en este caso. Similarmente, se mencionó que se trataba de un asunto sobre la venta y adjudicación de bienes pertenecientes a la extinta comunidad ganancial que la peticionaria pretende litigar de forma tardía y mediante el mecanismo procesal incorrecto, pues debió presentar un recurso apelativo sobre dicha determinación, de forma oportuna. De un examen sosegado de los planteamientos esbozados por la peticionaria notamos que se trata de los mismos asuntos ya adjudicados en varias ocasiones. Por lo que no intervendremos con lo resuelto por el foro recurrido.

En virtud de lo anterior, se deniega la expedición del auto de *certiorari.* Por lo cual, la *Urgente Moción de auxilio de jurisdicción y paralización* se ha tornado académica.

**V.**

Por los fundamentos pormenorizados, se deniega la expedición del auto de *certiorari.* En su consecuencia, la solicitud de auxilio de jurisdicción se torna académica.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones